# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CURTIS JACOBSON )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CONSUMER PORTFOLIO SERVICES, )<br>INC., )<br>)<br>Defendant. ) | Case No. 10-cv-643 |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

Defendant Consumer Portfolio Services, Inc. ("CPS"), by its attorneys, Jeffrey D. Pilgrim, Anna-Katrina S. Christakis and Karen A. Kawashima (Grady Pilgrim Christakis Bell LLP, *of counsel*), and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-entitled action and states as follows:

### Background

1.   On September 24, 2010, Plaintiff Curtis Jacobson ("Plaintiff") filed a three-count complaint ("Complaint") against CPS in the Circuit Court of Dane County, Wisconsin (Case No. 10-CV-5123).  (A copy of Plaintiff's Complaint is attached as Exhibit A.)

2.   Plaintiff's Complaint alleges that CPS engaged in "abusive" and improper conduct in its attempt to collect an automobile debt owed by non-party Dawn Dragone; and, based on those allegations, Plaintiff asserts claims for violations of the debt collection provisions of the Wisconsin Consumer Act, Wis. Stat. §§ 427.101 *et seq.*, (Count I), invasion of privacy (Count II), and private nuisance (Count III).

3.   Plaintiff's Complaint does not contain any statement of the amount of Plaintiff's alleged damages or the value of the relief he seeks.

4.   CPS was served with a summons and copy of the Complaint on October 1, 2010.

5. Prior to the filing and service of the Complaint, on July 22, 2010, Plaintiff through his counsel sent CPS's counsel a letter offering to settle the claims that are now contained in his Complaint for $125,000. (A true and correct copy of this letter is attached hereto as Exhibit B.)

## Removal Jurisdiction

6. This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different States.

7. With respect to the amount in controversy, "[a] removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (citations omitted) (emphasis in original).

8. As this Court has held, although Plaintiff's Complaint does not specify the amount of Plaintiff's alleged damages, Plaintiff's pre-complaint offer to settle his claims for $125,000 "is persuasive evidence of the amount in controversy" and "typically provides the right to remove by definition at the outset of litigation." *Holmberg v. Polaris Indus. Inc.*, No. 05-C-140-S, 2005 WL 1167711, at *1 (W.D. Wis. May 16, 2005) (Shabaz, J.); *see also Gaffer v. Wal-Mart Stores, Inc.*, No. 10-CV-272-SLC, 2010 WL 2990936, at *2 (W.D. Wis. July 27, 2010) (Crocker, Mag. J.) ("[P]laintiffs' settlement demand letter is admissible to show their assessment of the value of their case."). Therefore, it is clear that more than $75,000 is in dispute.

9. Further, Plaintiff is a citizen of the State of Wisconsin. (Ex. A.) At times relevant, and at the time of filing this Notice of Removal, Plaintiff was and is domiciled in Wisconsin. He has

resided, and currently resides, in Fitchburg, Dane County, Wisconsin, and upon information and belief, intends to remain there.

10. CPS is a California corporation with its principal place of business in California and, thus, is a citizen of the State of California.

11. Removal is timely under 28 U.S.C. § 1446(b) because less than thirty (30) days have passed since CPS was served with Plaintiff's Complaint.

12. Removal to this Court is proper as the United States District Court for the Western District of Wisconsin embraces the Circuit Court of Dane County, Wisconsin, where the State Court action was pending.

## Procedural Requirements

13. Pursuant to 28 U.S.C. § 1446(d), CPS is promptly providing written notice of this removal to counsel for Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Dane County, Wisconsin.

14. True and correct copies of all process, pleadings and orders served upon CPS in this action are attached hereto as Group Exhibit C.

WHEREFORE, Defendant Consumer Portfolio Services, Inc. respectfully requests that the above-entitled action be removed from the Circuit Court of Dane County, Wisconsin, to this Court.

Respectfully submitted,

CONSUMER PORTFOLIO SERVICES, INC.

By: /s Jeffrey D. Pilgrim
One of its Attorneys

Jeffrey D. Pilgrim
Anna-Katrina S. Christakis (SBN 1023871)
Karen A. Kawashima
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 939-0923
Fax (312) 939-0983

3

## CERTIFICATE OF SERVICE

Karen A. Kawashima, an attorney, certifies that she served the foregoing **Notice of Removal** on the party listed below at the address indicated via the U.S. Mail on October 27, 2010:

Mary Catherine Fons
Fons Law Office
500 South Page Street
Stoughton, Wisconsin 53589


/s/ Karen A. Kawashima