# Exhibit A

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

CURTIS JACOBSON
2436 Highway MM
Fitchburg, WI 53575-2135,

    Plaintiff,

v.

CONSUMER PORTFOLIO SERVICES, INC.
19500 Jamboree Road
Irvine, CA 92612-2401,

    Defendant.

COMPLAINT    2010 SEP 24  PM 3:31

    DANE COUNTY, WI

Case No. __10CV5123__

Money Judgment: 30301

Plaintiff, Curtis Jacobson, by his attorney Mary Catherine Fons, alleges and states as follows:

## INTRODUCTION

1. Consumer Portfolio Services, Inc. ("CPS") is a financial lender engaged in offering loans to consumers for the purchase of automobiles. Beginning in the spring of 2008 a male debt collector from Consumer Portfolio Services, Inc. who refused to properly identify himself engaged in an abusive debt collection campaign against Curtis Jacobson and his family which included conduct that far exceeded the bounds of respectful, legal debt collection. Other CPS debt collectors also engaged in abusive and harassing calls. The CPS collectors were calling to collect a debt from Dawn Dragone, Mr. Jacobson's sister-in-law. The collectors were also rude and abusive during their collection attempts. Defendant's debt collectors engaged in verbal harassment, told lies to Mr. Jacobson and his family members, threatened violence, used vulgarity, and made false threats to take Ms. Dragone's car, all in an attempt to collect loan payments. CPS collectors made dozens of calls to Mr. Jacobson's home.

## PARTIES

2. Curtis Jacobson is an adult resident of Fitchburg, Dane County, Wisconsin. He has lived in Fitchburg with Robin Dragone, their children, and Dawn Dragone and her children at all times relevant to the facts involved in this lawsuit.

- 1 -

3. Defendant, Consumer Portfolio Services, Inc., is a corporation engaged in, *inter alia*, the business of financing consumer motor vehicles sales and the collection of the loans they provide. Defendant's principal office is located at 19500 Jamboree Road, Irvine, California 92612.

4. Upon information and belief all of the debt collection phone calls CPS made in connection with Dawn Dragone's loan to Plaintiff were made from their Westchester, Illinois office.

5. Defendant and each of its debt collectors are "debt collectors" as that term is defined at Wis. Stat. § 427.103(3).

6. Defendant's activities regarding Plaintiff are "debt collection" as that term is defined at Wis. Stat. s 427.103(2).

## FACTS

7. On September 18, 2006, Dawn Dragone purchased a 2006 Kia Spectra vehicle from the Russ Darrow auto dealership in Madison, Wisconsin. The Russ Darrow dealership arranged for financing for the purchase to be made by Defendant CPS.

8. Dawn Dragone and her two minor children live with Mr. Jacobson and Robin Dragone and their children.

9. Beginning in March or April of 2008 a male debt collector made telephone calls to Mr. Jacobson's residence in an attempt to collect the debt for Dawn Dragone's vehicle purchase. The caller engaged in a campaign of abusive calls which included frequent and repeated swearing, sexually lude comments about Ms. Dragone, threats of violence and destruction of property towards Mr. Jacobson and his family members, and false threats of CPS's intention and rights to repossess the vehicle. The caller refused to state his name many times and provided many aliases, including the name Mike Calzone. Upon information and belief, the collector's real name was Williford Gray.

10. The campaign by the individual collector continued for at least six months. The caller made loud, rude, abrasive, and vulgar comments to members of Mr. Jacobson's household and discussed the alleged debt with anyone who answered the telephone.

-2-

11. Other employees of CPS also made calls to Mr. Jacobson's home, Ms. Dragone's workplace, and other relative's homes and engaged in rude and abusive conduct. Some of the conduct of Defendant's debt collectors includes: (1) made callous remarks about a recently deceased family member; (2) called Mr. Jacobson's relatives a "lying bastard", "liar" and "bitch"; (3) called Ms. Dragone a "whore" and "slut" when speaking to Mr. Jacobson and other family members; (4) threatened to bring friends from Chicago to damage Ms. Dragone's car and to hurt Mr. Jacobson and his family; (5) repeatedly said he would "fuck up" the person he was talking to and "fuck up the car"; (6) told the person he was talking to to "watch your back"; (7) told Mr. Jacobson that he had had sex with Ms. Dragone in their house; (8) called family members "dog"; (9) said that he would be taking Ms. Dragone's car and it would not be in Mr. Jacobson's driveway by morning; (10) said that the car won't be safe to drive after he gets done with it; (11) told Mr. Jacobson that he had sex with Ms. Dragone in her bedroom; (12) called Mr. Jacobson and family member a "pussy" and an "asshole"; (13) said he would "send his boys" to "fuck us up" and "fuck the car up"; (14) threatened to kill members of Mr. Jacobson's family; and (15) repeatedly said "we give high-risk loans to low-life fucking people like" Ms. Dragone.

12. The collectors continued to contact Mr. Jacobson and his family members despite having been notified that an attorney represented Ms. Dragone.

13. At no time did Defendant initiate a replevin action for the 2006 Kia Spectra.

14. Mr. Jacobson feared for the safety of himself and his family because of the collectors' threats.

15. Mr. Jacobson took steps to protect the safety of himself and his family such as staying up late at night to watch for intruders on his property and keeping his gun with him to defend his property against intruders.

### FIRST CLAIM – DEBT COLLECTION HARASSMENT

16. Plaintiff realleges all paragraphs as set forth above.

- 3 -

17. The transaction between Ms. Dragone and Russ Darrow is a "consumer credit transaction" as defined in Wis. Stat. § 421.301(10).

18. Defendant was attempting to collect a debt from a "consumer credit transaction".

19. The amounts Defendant was attempting to collect from Ms. Dragone constitute a "claim" as that term is defined at Wis. Stat. § 427.103(1).

20. Defendant is a "merchant" as defined in Wis. Stats. § 421.301(25).

21. The conduct of the Defendant caused great emotional distress to Mr. Jacobson, including, anger, fear, anxiety, and mental anguish.

22. The Defendant's conduct violated the debt collection provisions of the Wisconsin Consumer Act as set forth in Chapter 427 of the Wisconsin Statutes.

23. Defendant's conduct violated at least the following provisions of Chapter 427: §§ 427.104(1)(b), 427.014(1)(c), 427.104(1)(e), 427.104(1)(g), 427.104(1)(h), 427.104(1)(i), 427.104(1)(j), and 427.104(1)(L).

24. This Defendant has engaged in similar abusive conduct with regard to other alleged debtors from whom they are attempting to collect debts and this is a pattern and practice of this Defendant.

25. Defendant trains and encourages its employees to engage in abusive debt collection without regard to state or federal laws and without regard to common decency and respect or negligently fails to supervise and monitor the conduct.

26. Mr. Jacobson is entitled to recover actual damages from Defendant and the penalty provided in §§ 427.105(1) and 425.304, together with costs and reasonable attorney's fees as provided by § 425.308.

27. Defendant acted maliciously and with intentional disregard of the rights of Mr. Jacobson in the campaign of harassment. Mr. Jacobson is entitled to recover punitive damages from Defendant.

### SECOND CLAIM – INVASION OF PRIVACY

28. Plaintiff realleges all paragraphs as set forth above.

- 4 -

29. Mr. Jacobson has a right of privacy in Wisconsin as recognized in Wis. Stat. § 995.50.

30. Defendant's conduct unreasonably invaded Mr. Jacobson's right to privacy and caused him damages including emotional distress.

31. Mr. Jacobson is entitled to equitable relief to prevent and restrain further invasion, compensatory damages, and a reasonable amount for attorney's fees pursuant to Wis. Stat. § 995.50.

32. Mr. Jacobson is entitled to recover punitive damages from Defendant.

### THIRD CLAIM – PRIVATE NUISANCE

33. Plaintiff realleges all paragraphs as set forth above.

34. Defendant's conduct invaded Mr. Jacobson's private use and enjoyment of his home.

35. Defendant negligently and recklessly failed to train and supervise its collectors.

36. Defendant's collectors' conduct caused harm to Mr. Jacobson.

WHEREFORE, Plaintiff requests judgment be entered in his favor and against Defendant as prayed for in this Complaint, together with such other relief as the Court deems just and equitable.

Dated this 22nd day of September, 2010.

*[signature]*
Mary Catherine Fons, SBN 1017000
Attorney for Plaintiff
FONS LAW OFFICE
500 South Page Street
Stoughton, WI 53589
Phone: (608) 873-1270
*Fax:* (608) 873-0496