**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| CURTIS JACOBSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-cv-643-bbc |
| | ) | |
| v. | ) | |
| | ) | Judge Barbara B. Crabb |
| CONSUMER PORTFOLIO SERVICES, | ) | |
| INC., and WILLIFORD GRAY, | ) | Magistrate Judge Stephen L. Crocker |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CONSUMER PORTFOLIO SERVICES, INC.'S MOTION TO STRIKE**
**EXHIBIT A TO PLAINTIFF'S MOTION FOR DISMISSAL WITH PREJUDICE**

Defendant Consumer Portfolio Services, Inc. ("CPS"), by its attorneys, Jeffrey D. Pilgrim, Anna-Katrina S. Christakis and Karen A. Kawashima (Grady Pilgrim Christakis Bell LLP, *of counsel*), moves to strike and remove from the record Exhibit A attached to Plaintiff's Motion for Dismissal with Prejudice. (Docket No. 31.) In support of this motion, CPS states as follows:

1.      As a result of a mediation conducted before Magistrate Judge Oppeneer, the parties agreed to settle this matter. The parties subsequently negotiated and executed a settlement agreement ("Settlement Agreement").

2.      As one of the terms of the Settlement Agreement, Plaintiff agreed to dismiss this case against both defendants with prejudice and with each party to pay its own attorneys' fees and costs.

3.      After a disagreement between Plaintiff and CPS as to the exact language of a draft stipulation of dismissal, Plaintiff instead filed a Motion for Dismissal with Prejudice on May 11, 2011. (Docket No. 31.) As part of his Motion, Plaintiff attached and filed a copy of the Settlement Agreement. (Docket No. 31, Exhibit A.)

4.      However, the attachment of the Settlement Agreement was completely unnecessary as there is no dispute concerning any term of the Agreement, all parties agree that this case should be dismissed with prejudice, and, accordingly, all parties agree to relief requested by Plaintiff's Motion.

5.      Thus, the Settlement Agreement is not relevant to any issue presented by Plaintiff's Motion or, for that matter, to any issue in this case.   Instead, the Agreement is "redundant, immaterial, [and] impertinent" and, thus, should be stricken and removed from the record.  Fed. R. Civ. P. 12(f).

WHEREFORE, Defendant Consumer Portfolio Services, Inc. respectfully requests that the Court strike Exhibit A to Plaintiff's Motion for Dismissal with Prejudice (Docket No. 31) and remove it from the record.

Respectfully submitted,

CONSUMER PORTFOLIO SERVICES, INC.

By: /s Jeffrey D. Pilgrim
One of its Attorneys

Jeffrey D. Pilgrim
Anna-Katrina S. Christakis
Karen A. Kawashima
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 939-0923
Fax (312) 939-0983

## CERTIFICATE OF SERVICE

Jeffrey D. Pilgrim, an attorney, certifies that on May 12, 2011, he electronically filed the foregoing **Defendant Consumer Portfolio Services, Inc.'s Motion to Strike Exhibit A to Plaintiff's Motion for Dismissal with Prejudice** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mary Catherine Fons
Fons Law Office
500 South Page Street
Stoughton, Wisconsin 53589
Email: mfons@chorus.net, lewjvl@aol.com

and that he caused a copy of the same to be served by U.S. Mail on the following non-ECF participant:

Williford Gray
306 Granville Ave.
Bellwood, Illinois 60104

/s Jeffrey D. Pilgrim

Jeffrey D. Pilgrim
Anna-Katrina S. Christakis
Karen A. Kawashima
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 939-0923
Fax (312) 939-0983